NOT DESIGNATED FOR PUBLICATION

No. 124,671

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIGUS RYAN RICKETTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed August 5, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Eligus Ryan Ricketts appeals the Barton County District Court's decision to revoke his probation. We granted Ricketts' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After review of the record, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

Under a September 2019 plea agreement, Ricketts pleaded guilty to possession of methamphetamine and entered an *Alford* plea to interference with law enforcement for conduct that occurred on August 22, 2019. At the time of the current offense, Ricketts was already on probation for a 2017 misdemeanor possession of marijuana conviction.

1

A month before sentencing, Ricketts moved for a dispositional departure from his presumptive prison sentence. The district court granted the motion. The court pronounced a prison sentence of 51 months but granted Ricketts motion for dispositional departure, placing him on 18 months of intensive supervised probation.

Over the next two years, the State filed no less than five motions to revoke Ricketts probation for a variety of violations, all of which he admitted to committing. These violations had continuing use of illegal drugs and failure to follow through with mental health evaluations and treatment at their core. The district court imposed a wide range of sanctions including 1-day, 2-day, and 60-day sanctions, and a 1-year extension of probation.

Finally, the district court conducted a hearing on the State's fifth probation violation motion.

At the probation violation hearing, the State presented evidence that Ricketts had violated his probation with marijuana use and that he had failed to report several times. Ultimately, the district court revoked Ricketts' probation and ordered him to serve his underlying prison sentence.

Ricketts timely appealed the district court's decision to revoke his probation.

ANALYSIS

In his motion for summary disposition, Ricketts argues that the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. Ricketts does not challenge the district court's finding that he violated the terms of probation. He only challenges the propriety of the sanction imposed—service of the balance of his prison term.

2

"Where the issue is the propriety of the sanction imposed by the trial court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action can illustrate an abuse of discretion by showing it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting the district court abused its discretion, Ricketts bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under the probation revocation statute, a district court must first exhaust the required intermediate sanctions before revoking a defendant's probation, unless it finds that a statutory exception applies, allowing it to bypass the intermediate sanctions. K.S.A. 2019 Supp. 22-3716(c).

A court may revoke probation without prior sanctions if the offender's "suspension of sentence or nonprison sanction was originally granted as the result of a dispositional departure." K.S.A. 2019 Supp. 22-3716(c)(7)(B). Ricketts was granted a dispositional departure. So the district court could lawfully bypass intermediate sanctions and revoke Ricketts' probation. Revocation was also authorized under K.S.A. 2019 Supp. 22-3716(c)(1)(C) because Ricketts "already had a sanction imposed pursuant to subsection (c)(1)(B)." Yet even though additional sanctions were not mandated under K.S.A. 2019 Supp. 22-3716(c), the district court still granted Ricketts leniency and imposed multiple intermediate sanctions prior to revoking Ricketts' probation.

Because the district court followed the applicable law, the only thing left to consider is whether the district court's decision was unreasonable. A decision is unreasonable if "'no reasonable person would have taken the view adopted by the trial court.'" *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). Considering the court's several orders for treatment and the number of chances it allotted to Ricketts for

3

rehabilitation over the years, we find that no reasonable person would have disagreed with revoking Ricketts' probation under these circumstances. We, therefore, affirm the district court's judgment in revoking Ricketts' probation and ordering him to serve his underlying prison sentence.

Affirmed.